SWAN OLSON, APPELLEE, v. FLORENCE C. HANIKA, ADMINISTRATRIX, ET AL., APPELLANTS.

FILED JUNE 10, 1910.   No. 16,041.

1. **Specific Performance:** EVIDENCE. In an action against the widow, who was the administratrix of the estate of her deceased husband, and his heirs at law, for the specific performance of a contract by which it was alleged that plaintiff borrowed of the deceased the money to purchase the land in question, which was paid for the land by the deceased, and the title taken by him as security for the payment of the money loaned, the evidence is examined and found to be sufficient to sustain a finding and decree in favor of plaintiff.

7

2. **Appeal:** AMENDMENT AFTER JUDGMENT. The action was prosecuted by plaintiff in his own name and on his own behalf, but there was some evidence tending to show that the purchase was intended for his minor daughter. Instead of ordering the deed made to plaintiff, the court directed that it be made to his said minor daughter. Whereupon plaintiff by leave of court amended his petition to correspond with the decree. *Held,* That the irregularity, if there were such, not being to the prejudice of defendants, they could not be heard to complain.

APPEAL from the district court for Thurston county: GUY T. GRAVES, JUDGE. *Affirmed.*

*Thomas L. Sloan* and *W. S. Summers,* for appellants.

*Howard Saxton* and *Harry L. Keefe, contra.*

REESE, C. J.

This action was originally commenced against the widow and heirs of Adolph J. Hanika, deceased, by plaintiff in his own behalf, whereby he sought the specific performance of an alleged contract with said Adolph J. Hanika, deceased, for the purchase of the southeast quarter of the northeast quarter of section 31, township 25, range 7, in Thurston county. It was alleged in the petition, in substance, that on or about the 1st day of August, 1903, they mutually entered into an oral agreement whereby the said Adolph J. Hanika was to and did loan to plaintiff the sum of $1,332 for the purchase of the land from the then owner; that the rate of interest agreed to be paid was 10 per cent. per annum, and that to secure the same the title to said property was to be taken in the name of said Hanika to be held in trust until said principal sum and interest were paid, when said Hanika was to convey the property to plaintiff; that the land was purchased, the money being furnished by Hanika, and upon the completion of said purchase plaintiff entered into the possession of the same under said contract, and had paid the interest due from time to time, and offered to pay the

principal in full, but that the defendant Florence C. Hanika, the widow of said Adolph 'J. Hanika, deceased, and administratrix of his estate, refused to accept the same and refused to make the conveyance. After due service of summons upon all defendants a guardian *ad litem* was appointed for the minor defendants, when he and the other defendants answered by general denials. The full amount of the alleged purchase price, with interest then due, together with certain items of expense paid by Hanika in completing the purchase, was tendered and paid into court. A trial was had in the district court, which resulted in a finding and decree against defendants, but that the purchase was made by plaintiff for his minor daughter, Blanche Olson, and it was ordered that the land be conveyed to her, instead of to plaintiff. After the rendition of the decree plaintiff asked and obtained leave to amend his petition to conform to the decree and facts proved, by alleging that the purchase was made for the benefit of Blanche Olson, plaintiff's minor daughter, and the amended petition was filed. Defendants appeal.

Owing to the decease of Adolph J. Hanika, the testimony of plaintiff as to the transaction between them was excluded, and the oral evidence in support of plaintiff's claim is quite meager. There is, however, evidence in its support which is probably sufficient to sustain the decree. The fact of plaintiff's possession of the land, as well as the payment by him of certain sums claimed to have been paid as interest, is well established, but it is contended by the defense that the possession was that of a tenant and the payments were cash rental. The evidence supporting this contention by the defense is very slight. In fact there is no proof that plaintiff ever agreed that the payments were for rent. A son of the deceased was called as a witness by the defense, and he testified to a conversation between plaintiff and his father in August, 1905, which would seem to indicate that there was something between the parties of the nature of a contract of the kind claimed by plaintiff. The witness was asked to state the

conversation, when he answered: "Well, Mr. Olson came over there (to Hanika's home) to get some money one day; it was in August, and him and father were down to the barn, and they were talking over this land deal, and my father said he thought this land would be a good interest on his money. Mr. Olson said he would like to have the land if he was able to buy it." He was then asked: "State what your father then said?" Answer: "He said if Mr. Olson could pay him in reasonable time for the land he could have it." This conversation was not inquired into with any degree of particularity, and for some reason plaintiff was not permitted to testify concerning it. It is probable that as persuasive evidence as any introduced were certain entries in the account book of the deceased, showing his account with plaintiff. These entries are as follows: "Aug. 7, money loaned on land bid, $333.00; Sept. 19, money loaned on land (Preston), $999.00; Sept. 19, money paid for making deed, $2.50; (without date), filing deed, 45 ct." The land in question was shown to be what is known as the "Preston" land. It is adjoining the farm of plaintiff, and remote from that owned by deceased at the time..

As we have seen, there was some evidence tending to show that the purchase was made for, or rather that plaintiff intended the land for, his daughter, Blanche Olson. Out of abundant caution, perhaps, the court ordered the conveyance to be made to her. The reason for this part of the decree, aside from that evidence, is not shown by the record. Plaintiff sought to correct the irregularity by amending his petition so as to make it conform to the facts and decree. Without inquiring into the regularity of this proceeding, it must be enough to say that plaintiff is content with the decree, and we are unable to discover how it can be prejudicial to defendants, and we can discover no reason for molesting it.

The decree of the district court is

AFFIRMED.